NEWELL v. SMITH et al.

(Supreme Court, Appellate Term. June 28, 1899.)

DAMAGES—APPROXIMATE RESULT.

Where neither the driver nor the horse was prevented, by an injury to the wagon, from performing any duties that might have been required of them while the wagon was being repaired, the pay of the driver and expense of keeping the horse are not damages approximately resulting from the injury.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Edward A. Newell against Edward C. Smith and others. There was a judgment for plaintiff, and defendants appeal. Modified.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

A. T. Payne, for appellants.

Edward J. Newell, for respondent.

FREEDMAN, P. J. This action was brought to recover damages occasioned by the alleged negligence of an employé of the defendants in driving a team and truck so that a collision occurred with a horse and wagon of the plaintiff, whereby plaintiff's horse and wagon were injured. The trial court rendered a judgment in favor of the plaintiff, and an examination of the testimony shows that there was suf-

ficient evidence, both upon the question of the negligence of the defendants' driver and upon the contributory negligence of the plaintiff's driver, to make it a question of fact for the determination of the court below.    Neither does there appear sufficient reason for a reversal or modification of the judgment upon the ground that manifest injustice has been done, except in this respect:    Upon the trial the following questions were asked the plaintiff when a witness upon the stand:

"Q. What was paid for the keeping of the horse during the six weeks the wagon was kept out of use?    Q. How much did you pay the driver while the wagon was laid up and you were unable to use it?"

Each of these questions was objected to, and the objection was overruled, and the defendants duly excepted thereto.    The keeping of the horse and the shoeing was shown to be the sum of $40, and the pay of the driver to have been $72, during the six weeks the wagon was being repaired, and the expense of the repairs to the wagon was shown to be the sum of $65, and the aggregate amount of these items composed the sum for which judgment was rendered in favor of the plaintiff.    It did not appear that either the driver or the horse was injured or prevented, by the accident, from being able to perform any duties that might have been required of them during the time the wagon was out of use.    The items of pay for the driver and for the keeping of the horse during the period aforesaid were therefore improperly allowed.    As damages they were not the natural and proximate consequences of the act complained of, and were too remote. The judgment should therefore be modified by reducing the amount of recovery to the sum of $65, and, as so modified, affirmed, without costs to either party.

Judgment reduced to the sum of $65, and affirmed as to that amount, without costs to either party.    All concur.